UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERNEST T. SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-cv-83-RLY-WGH |
| ) | |
| CRAIG HANKS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petitioner's Motion for Evidentiary Hearing**

Ernest Smith was convicted in Tippecanoe County of murder and of robbery. His convictions were affirmed on direct appeal in *Smith v. State,* 702 N.E.2d 668 (Ind. 1998). This action for federal habeas corpus relief was filed after the trial court's denial of Smith's petition for post-conviction relief was affirmed on appeal in *Smith v. State,* 822 N.E.2d 193 (Ind.Ct.App. 2002).

Several of Smith's claims in this action have not been properly preserved for federal habeas review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."). Of those which have been properly preserved, the deferential review mandated the Antiterrorism and Effective Death Penalty Act of 1996 is triggered. *See Brown v. Payton,* 125 S. Ct. 1432, 1438-39 (2005) ("A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.") (internal citations omitted). Although Smith seeks an evidentiary hearing as to aspects of his habeas claims, such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here. Accordingly, his motion for an evidentiary hearing filed on August 5, 2005, is **denied.**

**IT IS SO ORDERED.**

Date: 01/19/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Ernest T. Smith
DOC #883353
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838-1111

Andrew Kobe
Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
402 West Washington Street
Indianapolis, IN 46204-2770