# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERNEST T. SMITH, | ) |
| Petitioner, | ) |
| v. | ) No. 3:05-cv-83-RLY-WGH |
| CRAIG HANKS, Superintendent, | ) |
| Respondent. | ) |

## Entry Concerning Selected Matters

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. Mr. Smith has filed a timely notice of appeal from the denial of his petition for a writ of habeas corpus. His notice of appeal is accompanied by his request for a certificate of appealability.

   a. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 123 S. Ct. 1029, 1034 (2003). Where the petition was dismissed on procedural grounds, the procedural issue may be appended to the COA as an antecedent issue provided it, too, is substantial. *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) ("If the prisoner's underlying constitutional objection to his conviction is itself substantial, then the district court may issue a certificate on that issue (even though the petition was denied without reaching it) and append the statutory ground as an antecedent issue to be resolved on appeal if it, too, is substantial." (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000))).

   b. There are no circumstances discernible from the pleadings or the record which satisfy these grounds. For the reasons which accompanied the dismissal of those claims in the Entry of June 2, 2006, therefore, Mr. Smith's application for the issuance of a certificate of appealability is **denied.**

2. The petitioner seeks leave to proceed on appeal without prepayment of the appellate fees of $455.00. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438, 82 S. Ct. 917 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See Id*. There is no objectively reasonable argument which the petitioner could present to argue that the disposition of this action was erroneous. Indeed, his request to proceed on appeal *in forma pauperis* does not even make reference to the rationale for the disposition in this action, much less identify an arguable basis for believing that disposition to have been incorrect. In pursuing an appeal, the petitioner "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* is **denied.**

**IT IS SO ORDERED.**

Date: _____

Distribution:

Ernest T. Smith
DOC #883353
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838-1111

Andrew Kobe
Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
402 West Washington Street
Indianapolis, IN 46204-2770